IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IVON GRES,                          §
                                    §
            Plaintiff,              §
                                    §
V.                                  §          No. 3:24-cv-1056-S-BN
                                    §
SAFIYA MUKAMANA, ET AL.,            §
                                    §
            Defendants.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ivon Gres filed a *pro se* complaint against his former employer and

multiple individuals and appears to allege claims of discrimination (based on at least

religion) and retaliation (possibly based on an alleged false or negative reference), all

presumably in violation of Title VII of the Civil Rights Act of 1964. *See* Dkt. No. 3.

Gres also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4.

So the presiding United States district judge referred this case to the

undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

The Court granted Gres's IFP motion through an order that set out deficiencies

in the allegations and offered Gres an opportunity to file an amended complaint by

June 3, 2024. *See* Dkt. No. 6. But Gres failed to file an amended complaint. And Gres

has not contacted the Court since filing this lawsuit.

Accordingly, the undersigned enters these findings of fact, conclusions of law,

and recommendation that, to the extent and for the reasons set out below, the Court

should dismiss the complaint.

## Legal Standards

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of

further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

## Analysis

To start, the wrongful employment practices that underlie Gres's allegations that presumably violated a federal statute – Title VII, for example –may only be asserted against "an employer, as defined in the statute, not an individual supervisor or fellow employee, ... regardless of whether the person is sued in his or her individual or official capacity." *Brewer v. Lavoi Corp.*, No. 3:13-cv-4918-N, 2014 WL 4753186, at *3 (N.D. Tex. Sept. 24, 2014) (cleaned up).

This means that, although Gres includes defendants who are individuals, "Title VII does impose liability on individuals unless they are 'employers.'" *Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir. 2013) (per curiam) (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) ("conclud[ing] that title VII does not permit the imposition of liability upon individuals unless they meet title VII's definition of 'employer'")).

And, to the extent that allegations are asserted against statutory employers – the Nylo Hotel, for example – "[i]n an employment discrimination case, the complaint need not 'contain specific facts establishing a prima facie case of discrimination under the framework set forth ... in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).'" *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)).

"But [Gres] is still required 'to plead sufficient facts *on all of the ultimate elements*' of [a] claim." *Id.* (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016); emphasis in *Norsworthy*).

And, at this stage, "a plaintiff must plead two 'ultimate elements' in order 'to support a disparate treatment claim ... : (1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* her protected status.'" *Thomas v. Dall. Indep. Sch. Dist.*, No. 23-10882, 2024 WL 2874367, at *4 (5th Cir. June 7, 2024) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); emphasis in *Cicalese*).

That is, Gres's complaint

> must plausibly set out facts that the "defendant took the adverse employment action against [Gres] *because of* [a] protected status." [And, so, Gres] must allege "facts, direct or circumstantial, that would suggest [the employer's] actions were based on [a protected status] or that [the employer] treated similarly situated employees [who are not part of protected status] more favorably."

*Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013); emphasis in *Raj*).

Similarly, the ultimate elements of a retaliation claim are that the plaintiff

"engaged in an activity protected" by the applicable statute (for example, Title VII); that "a materially adverse employment action against her occurred"; and that "there was a causal link between her protected activity and the adverse action." *Baker v. Univ. of Tex. Sw. Med. Ctr.*, No. 3:19-cv-3020-K-BH, 2023 WL 4214933, at *6 (N.D. Tex. June 2, 2023) (citing *Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016)), *rec. accepted*, 2023 WL 4208038 (N.D. Tex. June 27, 2023).

But Gres's complaint fails to include facts that implicate either discrimination based on a protected status or engagement in a protected activity.

Gres merely speculates that he could have been fired based on a protected status: "but no one day why ivon became victim, while i was trying to do something good, is that because im Christian or white or because both, i was respect her very much i respect every one and every religion. why HR did that to me and why that strict punishment." Dkt. No. 3 at 2; *see Raj*, 714 F.3d at 331 ("[S]peculation [will] not allege any facts, direct or circumstantial, [to] suggest [an employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees [not of the plaintiff's protected status] more favorably.").

Gres therefore fails to allege plausible violations of federal law. And the complaint should be dismissed.

That said, the opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Gres another opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021)

(per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But the Court should dismiss this lawsuit with prejudice if Gres fails to file timely objections that show a basis to amend to allege a plausible claim – that is: one supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Recommendation

Unless Plaintiff Ivon Gres shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 9, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE